1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KH BODDIN GMBH,                          Case No.  1:24-cv-00106-EPG

12                    Plaintiff,              ORDER SETTING SETTLEMENT
                                              CONFERENCE
13          v.
                                              **Settlement Statements due: Feb. 24, 2025**
14   CRST EXPEDITED, INC. et al.,             **Settlement Conference: Mar. 3, 2025 - 10:00AM**

15                    Defendants.

16

17          Magistrate Judge Christopher D. Baker will hold a settlement conference on **March 3, 2025,**

18   **at 10:00 a.m.**  Unless the parties request the conference to be in-person, the Court will conduct the

19   settlement conference via video conference.  The Zoom settlement conference invitation will be

20   distributed by the Court to the parties the week prior to the conference date.[1]  The Court has reserved

21   the entire day for this settlement conference and expects the parties will proceed with the settlement

22   conference in good faith and attempt to resolve all or part of the case.  If any party believes that the

23   settlement conference will not be productive, that party shall so inform the court no less than three

24   (3) days in advance of the settlement conference.

25          Unless otherwise permitted in advance by the Court, the following individuals must attend

26   _____

27   [1] Any difficulties concerning Zoom video conference, or connecting to the Zoom video conference,
     shall immediately be reported to Cori Boren, Courtroom Deputy for Judge Baker, at
28   CBoren@caed.uscourts.gov.

the settlement conference: (1) all of the attorney(s) who will try the case; and (2) individuals with full authority to negotiate and settle the case, on any terms.  *See* Local Rule 270(f).

**No later than February 24, 2025**, each party must submit to Judge Baker's chambers at CDBorders@caed.uscourts.gov a confidential settlement conference statement.  These statements should neither be filed on the docket nor served on any other party.

In compliance with Local Rule 270(d)-(e), the settlement statements will be used exclusively by Judge Baker to prepare for and conduct the settlement conference and not for any other purpose.  If applicable, the statements should be marked "CONFIDENTIAL."  *See* Local Rule 270(d).

The statements should not exceed ten (10) pages and must include:

(1) a brief recitation of the facts;

(2) a discussion of the strengths and weaknesses of the case, including the party's position on the factual and legal issues and brief review of the evidence to support that party's factual position;

(3) an itemized estimate of the expected costs for further discovery, pretrial, and trial matters, in specific dollar terms;

(4) the party's best estimate of the probability that it will prevail should this case proceed to trial;

(5) the party's best estimate of the damages or relief plaintiff may recover should this case proceed to trial and plaintiff prevail (in specific dollar terms and/or injunctive relief, if applicable);

(6) a history of settlement discussions (including a listing of any current settlement offers from any party, in specific dollar terms), a candid statement of the party's current position on settlement, including **the amount that it will give/accept to settle** (in specific dollar terms), and a statement of the party's expectations for settlement discussions;

(7) a list of the individuals who will be attending the settlement on the party's behalf, including names and, if appropriate, titles.

At the outset of the settlement conference, the undersigned may call upon the parties' counsel and the party representatives to briefly discuss their expectations for the conference and

other matters of mutual interest before the parties break into separate caucuses.

Notwithstanding the provisions of Federal Rule of Evidence 408, all statements made by the parties relating to the substance or merits of the case, whether written or oral, made for the first time during the settlement conference will be deemed to be confidential and shall not be admissible in evidence for any reason in the trial of the case, should the case not settle.  This provision does not preclude admissibility in other contexts, such as pertaining to a motion for sanctions regarding the settlement conference.

IT IS SO ORDERED.

Dated:   **January 21, 2025**                        _____
                                                      UNITED STATES MAGISTRATE JUDGE